
per post for
Rebecca Trautman

# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __CALIFORNIA__

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

One Motorola i425 Cellular Telephone
Black in color; without photo capabilites

APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT

Case Number: **'08 MJ 8731**

I, __CRAIG MOORE__ being duly sworn depose and say:

I am a(n) __Task Force Officer with Drug Enforcement Administration__ and have reason to believe
_Official Title_

that ☑ on the person of or  ☐ on the property or premises known as (name, description and/or location)
REFER TO ATTACHMENT A

in the __SOUTHERN__ District of __CALIFORNIA__
there is now concealed a certain person or property, namely (describe the person or property to be seized)
REFER TO ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)
evidence of a crime, contraband, fruits of crime or other items illegally possessed

concerning a violation of Title __21__ United States Code, Section(s) 841(a)(1) and 846
The facts to support a finding of probable cause are as follows:
REFER TO ATTACHED AFFIDAVIT OF DEA TASK FORCE OFFICER CRAIG MOORE

**FILED**
AUG 1 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Continued on the attached sheet and made a part hereof:  ☑ Yes  ☐ No

_Signature of Affiant_

Sworn to before me and subscribed in my presence,

8/15/08                            at El Centro, CA
Date                                 City                          State

JAY R. IRWIN          U.S. Magistrate Judge
Name of Judge        Title of Judge              Signature of Judge

## ATTACHMENT A

### DESCRIPTION OF PROPERTY TO BE SEARCHED

One black in color Motorola i425 cellular phone without photo capabilities, that was found on the person of Fernando RODRIGUEZ-Mendoza upon his arrest at the United States Border Patrol Highway 86 Checkpoint near Westmorland, California.



The above displayed cellular telephone to be searched is currently located at the DEA Imperial County District Office, Imperial, California.

## ATTACHMENT B

## ITEMS TO BE SEIZED

Any and all electronically stored information in said cellular phone, including:

a. telephone numbers of incoming/outgoing calls stored in the call registry

b. telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;

c. any incoming/outgoing text messages which evidences the relationship between the existence of a conspiracy to import, possess or sell controlled substances in violation of 21 U.S.C. §§ 841(a)(1), and 846

d. telephone subscriber information; and

e. any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular phone including photographs, e-mail, and voicemail which evidences the existence of a conspiracy to import, possess, sell, and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), and 846

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of ) | Magistrate Case No.: _____ |
| ) | |
| One Motorola i425 Cellular Telephone ) | AFFIDAVIT OF DEA TASK FORCE |
| Black in color, without photo capability ) | OFFICER CRAIG MOORE, IN |
| ) | SUPPORT OF SEARCH WARRANT |
| | APPLICATION |

I, Craig Moore, being first duly sworn, hereby depose and say:

## I

## PURPOSE

1. This affidavit is made in support of an application for search warrants for federal agents to search the following cellular telephone for electronic data that constitutes evidence of the commission of a criminal offense, and electronic data which is and has been used as the means for committing a criminal offense: one (1) Motorola i425 Cellular Telephone without photo capability.

## II

## INTRODUCTION

2. I am a Special Agent (SA) with the Bureau of Land Management (BLM), United States Department of the Interior, and have been so employed for approximately five years. I am also currently assigned as a Task Force Officer with the Drug Enforcement Administration (DEA), Imperial County District Office. I have approximately seventeen years experience as a Federal law enforcement officer.

1

3. I have been working in the law enforcement profession almost exclusively since June 1991 and have approximately two thousand hours of basic and advanced law enforcement training from various state and federal entities. I am a graduate of the United States Army Military Police School, and a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program. As a result of my training and experience as a BLM Special Agent, I am familiar with federal and state criminal laws. I have received training in identifying various controlled substances and the conduct of controlled substances (Title 21) investigations. I have spoken with other agents with extensive experience in controlled substances investigations.

4. As a result of 17 years of law enforcement experience, your affiant has personally arrested or participated in the arrest of over one hundred (100) persons for violations of various federal and state narcotics laws. In each of these cases, your affiant has conducted interviews with the arrested persons and with their associates. Through these interviews, your affiant has gained a working knowledge and insight into the typical working of controlled substance traffickers and smugglers. Your affiant has also gained extensive information as to the normal operational habits of persons who make their living as controlled substance traffickers.

5. Through the course of your affiant's duties, your affiant has talked with experienced controlled substances investigators about the activities of controlled substances traffickers and your affiant has received on the job training dealing with the activities of controlled substances traffickers practiced locally. Your affiant is aware that it is a common practice for controlled substances traffickers to have, own, or use cellular telephones, computers, pagers and portable radios to maintain communications with co-conspirators to further their criminal activities. Your affiant has

made numerous arrests for violations of 21 United States Code, and is familiar with the identification of all types of controlled substances by sight and color.

6. As a BLM Special Agent and DEA Task Force Officer, your affiant is authorized to investigate violations of laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

7. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of Possession of Marijuana with Intent to Distribute, as defined in Title 21, United States Code, Section 841(a)(1), Aiding and Abetting, as defined in Title 18, United States Code, Section 2, and Conspiracy to Possess Marijuana with Intent to Distribute, as defined in 21 United States Code, Section 846, may be found in the above property, specifically in electronic form.

8. Based upon my training and experience as a special agent, consultations with other special agents and law enforcement officers experienced in controlled substance trafficking investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

    a. Controlled substance traffickers will use cellular phones because they are mobile and they have instant access to phone calls and voice messages;

    b. Controlled substances traffickers use cellular phones to communicate with drivers vehicles containing narcotics to monitor the vehicles' progress and provide information and instructions to the drivers, e.g., to tell the drivers where to take the vehicles upon entering the United States;

3

c. Controlled substance traffickers believe that cellular phones provide greater insulation and protection against court-ordered wiretaps and they believe in the inability of law enforcement personnel to simultaneously track the originating and destination phone numbers of calls placed to and from their cellular phones;

d. DEA agents will deliver the cellular phone to cellular phone forensic examiners at the Drug Enforcement Administration, San Diego Field Division. These examiners may be able to determine the personal identification number, turn on the cellular phone, and retrieve data from the cellular phone.

## III
### SUMMARY OF INVESTIGATION / FACTS SUPPORTING PROBABLE CAUSE

9. During the course of my duties, I have learned the following information based upon my personal investigation, discussions with agents and/or by reading other agents' reports. In addition to my own law enforcement training and experience, I have consulted with, law enforcement professionals from the United States Department of Justice, Drug Enforcement Administration (DEA), with regard to this investigation. I have personally participated in this investigation and am familiar with the facts and circumstances of this investigation. Information obtained in this affidavit has either been through personal observation or information supplied to me by law enforcement personnel who are directly involved in this investigation.

10. The information set forth below is provided as a broad overview of the investigation conducted to date by the Drug Enforcement Administration. It does not include a listing of all investigative techniques employed or even the full and complete results of any of the listed

investigative efforts.

11. On June 29, 2008 United States Border Patrol (USBP) Agents seized 85.32 kilograms (188.10 pounds) of marijuana from a white Ford F-250 pickup truck, bearing Arizona license plate number AAV7486, driven by Fernando RODRIGUEZ-Mendoza at the USBP Highway 86 Checkpoint near Westmorland, California.

12. DEA Imperial County District Office (ICDO) agents Tracy Huxman and Task Force Officer (TFO) Craig Moore interviewed RODRIGUEZ-Mendoza regarding the events leading up to the seizure.

13. While receiving demographic information from RODRIGUEZ-Mendoza, he informed agents that he works as a day laborer, but hasn't worked for two months.

14. RODRIGUEZ-Mendoza stated that he went to Mexico on June 24, 2008 and did not come back into the United States until June 29, 2008. After he crossed into the United States, RODRIGUEZ-Mendoza went to his house at 148 North 21st Avenue, Yuma, Arizona. RODRIGUEZ-Mendoza said that he left his residence in Yuma at approximately 1:00 PM and drove directly to the Highway 86 Border Patrol Checkpoint.

15. RODRIGUEZ-Mendoza informed agents that he was traveling to Indio to an apartment complex called the Palms. He stated that he was to meet a friend, Jose, at the apartment complex; however, RODRIGUEZ-Mendoza was unable to provide his friends last name. He also said that he was going to Indio for a job.

16. According to RODRIGUEZ-Mendoza, he bought the truck from a man named Mike in Yuma, AZ two months ago. He couldn't provide the name of the car lot nor could he provide the

last name of Mike, the individual that sold him the car. However, he said that the car lot he bought the vehicle from was on 32nd Avenue and 4th Street in Yuma, AZ. RODRIGUEZ-Mendoza said that it is located next to a store that sells weapons. He said that the Ford F250 cost $5,000. Agents asked how RODRIGUEZ-Mendoza paid for the truck, since he earlier advised agents that he hasn't worked for about two months. RODRIGUEZ-Mendoza said that his friend Pedro loaned him the money. However, RODRIGUEZ-Mendoza didn't know Pedro's last name.

17. TFO Moore located a Bill of Sale inside the Ford F250. According to the Bill of Sale, RODRIGUEZ-Mendoza purchased the vehicle on May 13, 2008 for $5,500.00 from Keithly-Williams Seeds, Incorporated. The witness on the Bill of Sale is Mike Padilla.

18. In addition, RODRIGUEZ-Mendoza said that the truck was purchased with the auxiliary fuel tank mounted in the bed of the truck. However, RODRIGUEZ-Mendoza told agents that he was unaware of the marijuana found in the vehicle.

19. Furthermore, RODRIGUEZ-Mendoza had two cellular telephones that he advised were his. Although, he advised that the cell phones belonged to him, he was unable to provide the agents with the telephone numbers. RODRIGUEZ-Mendoza was then transported and booked into the Imperial County Jail on a federal charge of 21 U.S.C. 841(a)(1) – Possess Marijuana with Intent to Distribute.

**Prior to departing the scene, I received the following items:**

a) Black in color "Motorola" cell phone, model "i425", without photo capability. This phone was recovered from the person of Fernando RODRIGUEZ-Mendoza on scene by United States Border Patrol Agent Raymond Vega and transferred to me in an evidence bag by Agent Vega. The phone is currently being retained as evidence and is secured at the Drug Enforcement

Administration, Imperial County District Office.

b) Black in color "Motorola" cell phone, model "Razor" with photo capability. This phone was recovered from the person of Fernando RODRIGUEZ-Mendoza on scene by United States Border Patrol Agent Raymond Vega and transferred to me in an evidence bag by Agent Vega. The phone is currently being retained as evidence and is secured at the Drug Enforcement Administration, Imperial County District Office.

20. On July 21, 2008 at approximately 4:00 PM, DEA TFO Moore and Special Agent Jeff Butler interviewed Michael Padilla at Keithley-Williams Seeds, 5702 West County 8 ½ Street, Yuma, Arizona 85364. Padilla is an employee of the Keithley-Williams Seed Company and part of his duties include the selling of surplus company vehicles.

21. Upon interviewing Padilla, TFO Moore provided him with a photo of the Ford F-250 that was seized on June 29, 2008 with 85.32 Kilograms of marijuana. Padilla looked at the photo and stated the following: In early May 2008, he was contacted by an unknown Hispanic male from the Los Angeles, California area. This unknown individual express interest in purchasing a surplus Ford F-250 that was currently on display at Sprague's Sports in Yuma, Arizona. The individual stated that he would be showing up to meet Padilla with a friend who would be purchasing the vehicle for use on a farm. On or about May 12, 2008 the unknown Hispanic male showed up and looked at the vehicle. On May 13, 2008, the unknown male arrived again, this time with Fernando RODRIGUEZ-Mendoza. Shortly after arrival, the unknown Hispanic male attempted to purchase the vehicle for $5,500.00 with money orders. Padilla told the unknown individual that he would only accept cash for the purchase of the vehicle. The unknown male then left and returned a short time later with

$5,500.00 in cash and paid Padilla for the vehicle. Upon paying Padilla, the unknown male then departed, while RODRIGUEZ-Mendoza remained to complete the paperwork. Upon completing the necessary paperwork, RODRIGUEZ-Mendoza departed with the Ford F-250. The vehicle was sold to RODRIGUEZ-Mendoza with nothing in the bed of the truck. Keithley-Williams Seeds utilizes the Ford F-250's to deliver bags of seed to customers and the only thing that they put in the truck beds are sheets of plywood, which they utilize to put the bags of seed on. The plywood was also removed from the bed of the truck prior to the sale to RODRIGUEZ-Mendoza. The items displayed in the picture, including the spare tire, bed liner, tool box and auxiliary fuel tank were added to the truck, after it was purchased from Keithley-Williams Seeds by the unidentified Hispanic male and RODRIGUEZ-Mendoza.

## IV
## DESCRIPTION OF PROPERTY/ITEMS TO BE SEARCHED

22.  This affidavit is in support of a search warrant for a cellular telephone, as more fully described in Attachment A, which is attached hereto and incorporated herein by reference. The phone is currently in the possession of the U.S. Department of Justice, Drug Enforcement Administration.

## V
## DESCRIPTION OF PROPERTY/ITEMS TO BE SEIZED

23.  Based on my experience and training, consultation with other Special Agents experienced in controlled substance and financial investigations, and all the facts and opinions set forth in this

affidavit, I believe that the following items to be seized, as more fully described in Attachment B, which is attached hereto and incorporated herein by reference, will be found on the cell phone to be searched.

24. The items to be seized from the cellular phone are electronic data that constitute evidence of the commission of a criminal offense, and electronic data that is and has been used as the means for committing a criminal offense. The specific criminal offenses involved are violations of Title 21, United States Code, Section 841(a)(1), Possession of a Controlled Substance with Intent to Distribute and Title 18, United States Code 2 (Aiding & Abetting) and Conspiracy to Possess Marijuana with Intent to Distribute, as defined in 21 United States Code, Section 846.

## VI
## CONCLUSION

25. Based on the facts contained in this affidavit and my experience and training, I submit that there is probable cause to believe that one black in color "Motorola" cell phone, model "i425", without photo capability, contains evidence of violations of Possession of Marijuana with Intent to Distribute, as defined in Title 21, United States Code, Section 841, Aiding and Abetting, as defined in Title 18, United States Code, Section 2, and Conspiracy to Possess Marijuana with Intent to Distribute, as defined in 21 United States Code, Section 846. Further, I believe that the above-described property/items to be seized will be found when this warrant is served, and, based on the above-listed probable cause, I specifically request authority to seize the items described above and as more fully described in Attachment B, which is attached hereto and incorporated herein by

reference.

26. I, or any other duly authorized federal agent, will personally serve the warrants requested above, and will be assisted by other duly authorized federal investigators.

27. This Affidavit is based on reports, documents, and notes furnished to DEA Task Force Officer Craig Moore.

This Affidavit for Search Warrant has been reviewed and approved for probable cause and legal form by Rebecca Kanter, Assistant U.S. Attorney.

CRAIG MOORE<br>
Task Force Officer<br>
U. S. Department of Justice<br>
Drug Enforcement Administration

SUBSCRIBED AND SWORN TO BEFORE THIS 15th DAY OF AUGUST 2008.

JAY R. IRWIN<br>
United States Magistrate Judge